UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DUANE L. BERRY,

    Plaintiff,

v.

    Case No. 2:25-cv-13589

    Hon. Susan K. DeClercq
    United States District Judge

SEIZED FEDERAL SECURITIES,
UNKNOWN NAMED AGENTS OF
THE FEDERAL BUREAU OF PRISONS, AND
THE U.S. DEPARTMENT OF JUSTICE,

    Defendants.
_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

This case is before the Court on Plaintiff Duane L. Berry's "Petition for Temporary Restraining Order and Order to Preserve and Transfer Seized Federal Securities to Congress." ECF No. 1. Plaintiff is an inmate at the Federal Correctional Institution in Butner, North Carolina. This Court construes the filing as a motion for a temporary restraining order ("TRO") under Federal Rule of Civil Procedure 65. Defendants have filed a Motion to Dismiss. ECF No. 7. For the reasons stated below, the case is **DISMISSED**.

**I.**

Plaintiff's motion concerns the actions of Seized Federal Securities, the U.S. Department of Justice, and John Doe (Unknown Named Agents of the Federal

Bureau of Prisons). Plaintiff's allegations are vague and difficult to follow. He appears to allege that he sent a package of financial records to CNN. Plaintiff states that the documents were relevant to an ongoing congressional investigation. ECF No. 1, PageID.2. Although the documents were later mailed back to Plaintiff, only some of the documents were returned. Plaintiff surmises that his documents were lost, stolen, or mishandled in transit, but does not identify any individuals responsible. *Id.* He states that in 2024, he "executed an authorization under the Privacy Act of 1974, releasing the remaining Seized Federal Securities for transfer to Congress[.]" *Id*. He claims that Defendants have not transferred the financial records to Congress, and the records are at risk of being destroyed or otherwise compromised. *Id*. at PageID.2-3. He seeks a TRO under Rule 65(b) preventing the destruction of the records.

## II.

The Prison Litigation Reform Act of 1996 requires federal district courts to screen a prisoner's complaint and to dismiss the complaint or any portion of it if the allegations are frivolous, malicious, fail to state a claim for which relief can be granted, or seek monetary relief from a defendant who is immune from such relief. *Flanory v. Bonn*, 604 F.3d 249, 252 (6th Cir. 2010) (citing 28 U.S.C. §§ 1915(e) and 1915A and 42 U.S.C. § 1997e); *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A). "District courts are

required to screen all civil cases brought by prisoners, regardless of whether the inmate paid the full filing fee, is a pauper, is pro se, or is represented by counsel, as the statute does not differentiate between civil actions brought by prisoners." *In re Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997).

Berry prepaid the filing fee for this action, and courts may not summarily dismiss a prisoner's fee-paid complaint under 28 U.S.C. § 1915(e)(2) because that section applies only to complaints filed *in forma pauperis*. *Benson v. O'Brian*, 179 F.3d 1014, 1015-17 (6th Cir. 1999). *Benson*, however, does not prohibit federal courts from screening a prisoner's fee-paid civil rights complaint against government officials under § 1915A. *Hyland v. Clinton*, 3 F. App'x 478, 478-79 (6th Cir. 2001). Thus, if a prisoner's complaint seeks relief from a governmental entity, officer, or employee, Congress has directed that the district court must dismiss it, or any part thereof, which (a) is frivolous, malicious, or fails to state a claim upon which relief can be granted, or (b) seeks monetary relief from a defendant who is immune from suit for monetary damages. 28 U.S.C. § 1915A. "Such a dismissal may occur at any time, before or after service of process and before or after the defendant's answer." *Runnels v. Charles*, 2020 WL 1897367, at *1 (E.D. Tex. Mar. 18, 2020), report and recommendation adopted, 2020 WL 1891717 (E.D. Tex. Apr. 16, 2020) (citing *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986)); *see also Edge v. Mahlman*, 2021 WL 3725988, at *2 (S.D. Ohio

Aug. 23, 2021) (screening complaint after defendants filed Rule 12(c) motion for judgment on the pleadings). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Pro se complaints are held to "less stringent standards" than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (punctuation modified). Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

### III.

#### A. Initiating a Civil Action

As an initial matter, this action has not been properly initiated. The Federal Rules of Civil Procedure provide that "[a] civil action is commenced by filing a complaint with the court." FED. R. CIV. P. 3. In other words, "the first step in the action is the filing of the complaint." *Id*., Advisory Committee Notes, 1937

4

Adoption. No Complaint has been filed in this case and the instant filing cannot be considered an adequate Complaint. *See* FED. R. CIV. P. 8. While pro se litigants are not held to the same standards as licensed attorneys, they are not exempt from the requirements of the Federal Rules of Civil Procedure. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Federal Rule of Civil Procedure 41(b) gives the district court power to dismiss a case where "the plaintiff fails to prosecute or to comply with [the Federal Rules] or a court order." FED. R. CIV. P. 41(b). This rule provides this Court a tool to effectively manage its docket. *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362-63 (6th Cir. 1999) (citation omitted). Accordingly, the case may be dismissed for Plaintiff's failure to comply with the Federal Rules.

### B. Failure to State a Claim

Even if this Court construed the motion as a proper complaint, Plaintiff's complaint would be subject to dismissal for failure to state a claim.

Plaintiff sues federal actors, so the *Bivens* standard applies. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* provides a right of action against federal employees who violate an individual's rights under the United States Constitution. "To state a claim under *Bivens*, a plaintiff must allege that he was 'deprived of rights secured by the Constitution or laws of the United States' and that 'the defendants who allegedly deprived [him] of those rights acted under color of federal law.'" *Hower v.*

5

*Damron*, No. 21-5996, 2022 WL 16578864, at *2 (6th Cir. Aug. 31, 2022) (quoting *Marie v. Am. Red Cross*, 771 F.3d 344, 364 (6th Cir. 2014)). To date, the Supreme Court has extended *Bivens* liability to federal officials in only three contexts:

(1)     under the Fourth Amendment for a violation of the prohibition against unreasonable searches and seizures of a private citizen's residence, *Bivens*, 403 U.S. at 389, 397;

(2)     under the Fifth Amendment Due Process Clause for gender discrimination, *Davis v. Passman*, 442 U.S. 228, 230–31, 248–49 (1979); and,

(3)     under the Eighth Amendment for failing to provide adequate medical treatment to a prisoner, *Carlson v. Green*, 446 U.S. 14, 16 n.1, 19 (1980).

*Id*. Since 1980, the Supreme Court has rejected extension of *Bivens* to new contexts on twelve different occasions. *See Egbert v. Boule*, 596 U.S. 482, 486 (2022) (collecting cases).

In this case, Plaintiff has not sufficiently pleaded a constitutional violation under which the *Bivens* standard can be analyzed. Plaintiff identifies his missing property as "seized federal securities" but fails to provide any further description of the documents. Additionally, his allegations are conclusory and speculative. Plaintiff surmises that his documents were either lost, stolen, or mishandled in transit, but does not identify any individuals responsible. Plaintiff's threadbare allegations are insufficient to state a claim under the *Iqbal* and *Twombly* pleading standards. *Twombly*, 550 U.S. at 555 (2007); *Iqbal*, 556 U.S. at 678.

## C. Injunctive Relief

Lastly, Plaintiff has not met the requirements for issuance of a TRO. Under Rule 65 of the Federal Rules of Civil Procedure, a district court may issue a temporary restraining order or preliminary injunction. Fed. R. Civ. P. 65. This Court must consider the following factors on a party's motion for TRO: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury absent a TRO; (3) whether granting the TRO would cause substantial harm to others; and (4) whether the public interest would be served by granting the TRO. *Ne. Ohio Coal. for Homeless & Serv. Employees Int'l Union, Local 1199 v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006) (internal citations omitted). "These factors are not prerequisites that must be met, but are interrelated considerations that must be balanced together." *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991).

First, Plaintiff has not stated any specific facts that clearly show immediate and irreparable harm will occur if the TRO does not issue. Instead, Plaintiff relies on conclusory statements. Plaintiff has not shown a substantial likelihood of success on the merits. He has not plead any facts establishing any harm will come to others if an injunction is not issued. Finally, he has not identified any public

7

interest that would be served by issuance of the injunction. Plaintiff's conclusory allegations fail to meet the elements required to justify the issuance of a TRO.

**IV.**

Accordingly, this action is **DISMISSED WITH PREJUDICE** for failing to state a claim. Defendants' Motion to Dismiss is **DENIED** as **MOOT** as a result of this Court's screening dismissal. Lastly, this Court concludes that an appeal from this decision cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED**.

**This is a final order that closes the case.**

/s/Susan K. DeClercq
SUSAN K. DeCLERCQ
United States District Judge

Dated: January 27, 2026